# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0631** (Preston County 12-JD-14)

**Brandon S.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Brandon S., by counsel Claire L. Niehaus, appeals the "Transfer Hearing Order" entered by the Circuit Court of Preston County on May 10, 2012.[1] The State, by counsel Mel Snyder, has filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The State alleges that on April 5, 2012, the seventeen-year-old petitioner committed an act that, if committed by an adult, would constitute first degree robbery in violation of West Virginia Code § 61-2-12(a).[2] A juvenile proceeding was instituted, and the State moved to transfer the case to the circuit court's criminal jurisdiction. Pursuant to West Virginia Code § 49-5-10(d)(1), transfer is mandatory if there is probable cause to believe that a juvenile who is at least fourteen years old committed the crime of robbery involving the presentment of a firearm. At a hearing, a convenience store clerk testified that petitioner and a co-defendant pointed a rifle at her and demanded money. There was also evidence that petitioner confessed to law enforcement officers. The circuit court found probable cause that petitioner committed first degree robbery involving presentment of a firearm and, accordingly, the court granted the motion to transfer.

Petitioner argues that the circuit court erred in finding probable cause and in granting the motion to transfer because the court relied upon petitioner's statements to law enforcement. Petitioner argues that his statements are inadmissible as the officers did not promptly bring him before a judicial officer.

---

[1] A direct appeal of an order transferring a juvenile to criminal jurisdiction is permitted by West Virginia Code § 49-5-10(j).

[2] Petitioner turned eighteen on July 5, 2012.

1

In this appeal of the transfer order, we need not determine whether petitioner's statements to law enforcement are admissible evidence or whether there was a prompt presentment violation. The victim's testimony about petitioner's alleged actions is more than sufficient to support the circuit court's probable cause determination. "It is only when 'there are substantial defects in the transfer hearing that go to the validity of the probable cause finding . . . [that] we will reverse and remand the case for a further transfer hearing.' Syl. Pt. 7, in part, *In the Matter of Mark E.P.*, 175 W.Va. 83, 331 S.E.2d 813 (1985)." *State v. Rush*, 219 W.Va. 717, 725, 639 S.E.2d 809, 817 (2006). Upon finding probable cause, the circuit court was required by West Virginia Code § 49-5-10(d)(1) to order the transfer.

Accordingly, we affirm the transfer order. The case is remanded to circuit court for proceedings on the pending criminal action.

Affirmed and remanded.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II